Thomas Tierney *vs.* Catherine Tierney.

The Divorce Act of 1863 forbidding the reversal of any final order of the District court divorcing parties is to such extent in violation of Section 9 of the Organic Act, and void.

An order of the District court awarding the custody and fixing the allowance for the support of a child of the parties is merely interlocutory and not subject to review. The child is the ward of the court.

The former alleged marriage of the wife is not presented in a manner to be considered by this court.

An action for divorce is a proceeding at law, and the findings of the lower court stand as the verdict of a jury not to be set aside unless manifestly contrary to the evidence.

The amount of alimony regulated by the facts as disclosed in the record.

Error to First Judicial District holding terms at Walla Walla.

*N. T. Caton* for plaintiff in error.

*Thomas Brents* and *Allen Bros.* for defendant in error.

Opinion by LEWIS, Chief Justice.

In the court below a decree was rendered in favor of plaintiff, granting her a divorce on the grounds of abandonment, and failure on part of the defendant to make suitable provisions for his family. Alimony in the sum of one thousand dollars was decreed her.

The custody of a minor child was awarded, until farther order, to Mrs. Singleton, the mother of the plaintiff, and defendant ordered to pay, monthly, the sum of twenty dollars for the support of the child. The whole costs were also taxed to the defendant.

Question is made as to the jurisdiction of this court, to review the final judgment of the District court in decreeing a divorce, as also the temporary order as to the custody and allowance for the support of the child.

The statute provides that the Supreme court may review the action of the District court, as to the disposition of the property or the children, but shall not reverse any final order divorcing the parties. Statutes of 1863, page 416.

We are fully satisfied that the provisions of this act are in violation of Section 9 of the Organic Act which declares that writs of error and appeals shall be allowed, in all cases, from the final judgments of the District courts to the Supreme court.

72

While the legislature may provide for what causes a divorce may be decreed, it is the province of the judicial department to adjudge when a cause comes within the purview of the law, and, on such final decision of the District court, the Organic Act secures to the parties the right of appeal, which right cannot be abridged by the legislature.

Touching the appeal from the order fixing the custody of the child and the charge for his support.

That order is merely interlocutory and in no sense final. The District court may at any time, on cause shown, set aside such order, either in whole or in part. The child is the ward of the court. The order not being a final one, it cannot be here reviewed. Question is made as to the jurisdiction of the District court to grant a divorce in *Horton vs. Horton.*

We are of opinion that the fact as to a legal marriage of Kate Horton to —— Horton is not before us. The motion for new trial was based upon an affidavit of newly discovered evidence.

Tierney sets out in his affidavit that there was such a marriage, but does not state how or by whom he expects to prove such fact. Civil Practice, Section 286.

The questions properly before us for review are the decree of divorce and the alimony allowed the wife.

The action for divorce is a proceeding at law, and this cause is here upon a writ of error. In general the findings of a court in such cases stands as the verdict of a jury, and will not be disturbed by the appellate court, unless the findings are manifestly and plainly contrary to the evidence. This cause being governed by the rules of the ecclesiastical courts, in so far as not modified by statute, we are disposed to treat the findings of the court below with more liberality, yet, in case of conflict plainly manifest in the evidence, we should, in a great measure, defer to the action of the District court, which had all the witnesses present in person. Touching the findings of the District court, we are not satisfied that they are not fully warranted as to the fact of abandonment; we are not prepared to say, that from the whole case, we would not have so found.

There was no finding by the District court as to the amount of property which the defendant had at the time of the trial; that he had some six to eight thousand dollars at the time of the marriage, seems fully apparent. The defendant himself has made a statement as to what he is now worth, fixing the whole sum at about one thousand eight hundred and seventy-five dollars, less about five hundred dollars indebtedness, leaving him, say, one thousand three hundred and seventy-five dollars. So, it is fully shown, that, at the time of the marriage, the plaintiff had no property whatever, and that whatever sum the defendant now has is the remainder of what he had acquired before the marriage. If this sum of one thousand three hundred and seventy-five dollars be the whole of defendant's property, the writer is of opinion that, under all the circumstances here developed, an allowance to plaintiff of one-third thereof, would be most liberal. We are agreed to allow plaintiff the sum of four hundred and fifty dollars, and to affirm the judgment of the court below in decreeing a divorce. The whole costs to be taxed to the defendant, together with the counsel fees allowed by the District court. A judgment will be entered in this court in accordance with this opinion. We here make no order as to the child, for the causes above indicated. He is the ward of the District court, which can, from time to time, make such orders, relative to his custody and education, as may be just.